## TUCKER *v.* DANA.

*(Circuit Court, D. Massachusetts. January 21, 1881.)*

1. PROCESS PATENT—RE-ISSUE IN TWO PARTS.

A process patent was re-issued in two parts, one for the process and one for the product. *Held,* that the re-issue for the product was valid.—[ED.

In Equity.

*James E. Maynadier* and *E. G. Loomis,* for complainant.

*Charles E. Mitchell,* for defendant.

LOWELL, C. J. In accordance with the stipulation of the parties, which has brought the case to a narrow compass, I have heard the evidence orally, to save expense, and have carefully considered whether either of the four exhibits, relied on as infringements, were sold by the defendant within the times embraced by the stipulation, and, if any were sold, whether they are "Tucker bronze." The case has been before the court in various stages, and the parties interested are not, at present, disagreed as to what is the Tucker bronze claimed in re-issue No. 2,356, namely, iron varnished or oiled and heated, either in one operation or more, in such a manner that a color shall be imparted to the iron itself by the heat and also to the oil or varnish. If the iron is first colored, and then merely varnished, or if the coating of varnish alone is colored, the invention has not been practiced, so far as the present case is concerned.

Of the four exhibits, it is not proved to my satisfaction that Nos. 1 and 2 were sold by the defendant at times or in a

mode to bring the scales within the stipulation. They were ordered of the defendant for the purpose of making evidence, and were by him procured of the manufacturers about the time that the stipulation was made, and are not, in my opinion, fairly within its scope. In No. 4 I am of opinion that the varnish alone is colored. In No. 3 I discover Tucker bronze, and the sale of articles like this exhibit I find to have been made, and to infringe.

The able argument for the defendant requires me to say a word upon the law of the case. No question of novelty or patentability is left open by the agreement, excepting the validity of the re-issue as a re-issue. The original patent was for the process of making a new kind of bronze, and was re-issued in two parts,—one for the process, and one for the new article. The new patent for the process was sustained by *Clifford*, J. *Tucker* v. *Tucker Manf'g Co.* 10 O. G. 464. The present patent for the product was upheld by me on a motion for an injunction in this case, on the authority of the Goodyear cases. See *Goodyear* v. *Day*, 2 Wall. Jr. 283; *Goodyear* v. *Railroad*, Id. 356; 2 Cliff. 351; *Rubber Co.* v. *Goodyear*, 9 Wall. 798. Council at this hearing have cited *Powder Co.* v. *Powder Works*, 98 U. S. 126, in which it was held that a re-issue for the compound of nitro-glycerine with certain other substances was void, because the original patent was for a process of exploding nitro-glycerine. The case is carefully distinguished from the Goodyear cases. "If," says Mr. Justice Bradley, "the patent had been, not for the mode of exploding nitro-glycerine, but for the process of compounding nitro-glycerine with gunpowder and other substances, inadvertently omitting to claim the exclusive use of the substances so produced, the case would have been one of very different consideration." Page 136. He then shows that this last was the case of Goodyear. It is also precisely this case. Bronzed iron is the necessary product of the process of the original patent. I may fail to see the difference between the Goodyear and the Powder cases, but I must accept the decision that there is a difference, and must apply the law accordingly, as well as I may.

In accordance with the stipulation there must be an interlocutory decree for the complainant for an account; the injunction heretofore granted to stand until further order.

NOTE. See *Tucker* v. *Burditt*, 5 FED. REP. 808, and *Tucker* v. *Corbitt*, Id. 810.